IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Mark A. Moss,　　　　　　　　　　　　　　　　　　Case No. 3:13CV854

  Plaintiff

  v.　　　　　　　　　　　　　　　　　　　　**ORDER**

Commissioner of Social Security,

  Defendant

  In this appeal, I review defendant Commissioner of Social Security's (Commissioner) decision denying plaintiff Mark Moss's claim for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*.

  Plaintiff objects to the Magistrate Judge's Report and Recommendation (R&R) (Doc. 22) and requests that I overrule the R&R and reverse the Commissioner's decision. (Doc. 23).

  Jurisdiction is proper under 42 U.S.C. § 405(g).

  For the following reasons, I adopt in full the R&R, and I affirm the decision of the administrative law judge (ALJ).

## Background

  Numerous decisions have laid out the facts supporting Moss's applications to the Social Security Administration (SSA), so I only briefly summarize the information here.

Moss originally obtained SSI benefits on November 27, 1990, with a disability onset date of May 1, 1990, due to mental retardation and depression. He received benefits for the next seventeen years.

On July 30, 2007, Moss applied for Childhood Disability Benefits (CDB) and Disability Insurance Benefits (DIB) which triggered an internal investigation with the SSA. On May 21, 2008, the Commissioner denied Moss's applications for CDB and DIB. The investigation also resulted in termination of his SSI benefits on September 14, 2011. Moss requested reconsideration and on April 28, 2011, the Commissioner affirmed the termination of his SSI.

Moss appealed and, on February 14, 2012, appeared with counsel for a hearing before an ALJ. On April 27, 2012, the ALJ affirmed the termination of his SSI benefits. On February 19, 2013, the Appeals Council then affirmed the ALJ's decision.

On April 17, 2013, Moss filed a complaint in this court seeking judicial review of the termination of SSI benefits.

According to Moss's mental health records, he has, in addition to several physical impairments, polysubstance dependence, adjustment disorder with anxiety, and depression, and lower borderline intellectual functioning.

**Standard of Review**

When reviewing the Magistrate's R&R, I make a de novo determination regarding the portions to which plaintiff objects. *See* 28 U.S.C. § 636(b)(1).

In reviewing the Commissioner's decision, I must determine whether substantial evidence supports the ALJ's findings, and whether the ALJ applied the proper legal standards. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)). I "may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). If substantial evidence supports it, I must affirm the ALJ's decision, even if I would have decided the matter differently. 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, *supra*, 889 F.2d at 681 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In determining whether substantial evidence supports the ALJ's findings, I view the record as a whole, *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980), and consider anything in the record suggesting otherwise. *See Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978).

**Discussion**

Moss objects to two portions of the Magistrate Judge's R&R. First, Moss argues that the Magistrate Judge failed to address several deficiencies in the ALJ's analysis regarding Moss's medical improvement. Second, Moss argues the Magistrate Judge incorrectly found that substantial evidence supported the ALJ's finding of his residual functional capacity (RFC).

A. Moss's Medical Improvement

As the Magistrate Judge correctly noted, when determining whether a claimant is disabled for purposes of awarding benefits, the Commissioner must determine whether the claimant's severe

impairments either meet or are equal in severity to one or more of the listed medical conditions. 20 C.F.R. §§ 404.1520(d), 416.920(d).

The Commissioner previously awarded Moss benefits under 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12:00: Mental Disorders. Specifically, the Commissioner found Moss met the criteria for Listings 12.05(B) and 12.05(C), both of which address intellectual disabilities. The ALJ found that Moss no longer met the criteria for either of those listings. Moss's objections focus on the outcome of the ALJ's 12.05(C) determination.

Under 12.05(C), a finding for intellectual disability requires deficits in adaptive functioning manifested during the developmental period; a valid verbal, performance, or full scale IQ of 60 through 70; and a physical or other mental impairment. 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.05(C).

The ALJ found Moss met the requirements for the IQ and physical impairment criteria but not for adaptive functioning deficits. The ALJ found the evidence in the record indicated that Moss only suffers from borderline intellectual functioning. The Magistrate Judge agreed with the ALJ's assessment.

Moss argues that the Magistrate Judge overlooked the ALJ's failure to address whether Moss met or equaled the same listings he met in 1990. Specifically, Moss contends that the ALJ simply cited Moss's borderline diagnosis without actually discussing his adaptive functioning deficits.

I find ALJ adequately considered Moss's adaptive functioning deficits. Despite Moss's arguments, the ALJ did not only analyze Moss's physical impairments or merely rely on his borderline diagnosis. The ALJ discussed the findings of Dr. Davis, noting that Moss was cooperative but also had a very slow flow of conversation and thought. (Doc. 14, at 31). Further, the ALJ

discussed Moss's daily activities at length in her decision, noting that, among other things, he was able to use public transportation; care for his personal needs, hygiene, and food preparation; and play music with his friends. *Id.* at 35. The ALJ also discussed the SSA's internal investigation in which a neighbor had reported Moss was able to walk, bend over, and do menial yard work and that he did not appear to be anxious or depressed. *Id*.

Moss argues that this discussion occurs in the context of Moss's credibility and the ALJ does not actually make a conclusion as to whether these activities showed deficits in adaptive functioning. While Moss is correct that the ALJ discussed many of his daily activities related to adaptive functioning elsewhere than in the opinion's medical improvement section, this is not reason for remand.

I look to the ALJ's decision in its entirety to justify the ALJ's impairment analysis. *Snoke v. Astrue*, 2012 WL 568986, \*6 (S.D. Ohio 2012) (citing *Bledsoe, v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006)). There is no "heightened articulation standard" in considering the listing of impairments; rather, I consider whether substantial evidence supports the ALJ's findings. *Id.* I must find an ALJ's decision contains "sufficient analysis to allow for meaningful judicial review of the listing impairment decision." *Snoke*, 2012 WL 568986, at \*6; *see also May*, 2011 WL 3490186, at \*7 ("In order to conduct a meaningful review, the ALJ's written decision must make sufficiently clear the reasons for his decision.").

The ALJ's decision contained sufficient analysis regarding his listing impairment decision. In discussing Moss's adaptive functioning, the ALJ cites repeatedly to the record and gives a plethora of examples regarding Moss's daily activities. Further, immediately after the ALJ's discussion of Moss's activities, she concludes that "the evidence of record does not support that the

5

claimant is mentally retarded or that he has been unable to do anything since 1999, which is when he last worked on full time basis, as per his earnings." (Doc. 14, at 35).

If I were to reverse and remand, it would be a formalistic matter of procedure which is not appropriate in this case because the ALJ discussed Moss's adaptive functioning relative to Listing 12.05(C).

Citing *Brown v. Sec'y of Health and Human Servs.*, 948 F.2d 268, 269 (6th Cir. 1991), Moss also argues that his daily life activities are not inconsistent with a finding of disability under Listing 12.05(C). In *Brown*, the Sixth Circuit found that the claimant's ability to use public transit and visit friends, among other things, was not inconsistent with an IQ of 68.

Moss, however, fails to note that there are numerous cases where claimants perform daily life activities similar to Moss and thus did not satisfy the elements of Listing 12.05(C). *See, e.g.*, *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 698 (6th Cir. 2007); *Daniels v. Comm'r of Soc. Sec.*, 70 F. App'x 868, 872 (6th Cir. 2003); *Payne v. Comm'r of Soc. Sec.*, 2008 WL 2894482, *3 (E.D. Tenn. 2008). Moreover, in making her finding, the ALJ, as noted above, discusses the record at length and thus her conclusion is supported by substantial evidence.

Thus, I overrule Moss's objections.

### B. Residual Functional Capacity

Moss's second objection relates to the ALJ's assessment of his RFC. Specifically, Moss argues that the ALJ only analyzed his physical impairments and not his mental and cognitive ones. Moss argues that the Magistrate Judge erred by accepting the ALJ's characterization of the opinion of Dr. Davis, a consultative examiner for Moss, and concluding that the ALJ's interpretation fell within the zone of choice under the substantial evidence standard.

Dr. Davis's opinion states that Moss "probably would be able to understand and follow some simple instructions. He had difficulty following the simplest of instructions in my office. He appears to be moderately to markedly impaired in this area." (Doc. 14, at 338).

Moss argues that the ALJ erred by stating Dr. Davis "concluded that [Moss] was capable to understand, retain, and follow simple tasks." (Doc. 14, at 34). He contends that the ALJ did not use the word "some" in making her conclusion and thus implies that Moss can follow *all* simple tasks.

I find Moss's arguments unpersuasive. First, it is reasonable that the ALJ concluded that Moss has the ability to follow simple tasks even if she did not include the qualifier "some." The ALJ does not say that Moss can follow all simple tasks either. She merely states that he can follow simple tasks which is consistent with Dr. Davis's opinion. To the extent that the ALJ erred by not including the word "some," I find that her error is harmless and thus remand is not necessary. *See Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 508 (6th Cir. 2006).

Second, the ALJ concludes that Dr. Davis's assessment of Moss "is not consistent with the evidence of record" and, accordingly, "gives little weight to the medical opinion of Dr. Davis." (Doc. 14, at 34). Thus, even if the ALJ erred in her characterization of Dr. Davis's opinion, it does not matter because she does not rely on that opinion in making his final determination.

Finally, the ALJ discusses Moss's mental and cognitive impairments at length, noting Moss's daily activities, his level of anxiety, and his ability to converse, among other things. *Id.*

Thus, I find the ALJ did not err in determining Moss's RFC and her conclusion is supported by substantial evidence.

7

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Plaintiff's objections to the Magistrate Judge's Report and Recommendation (Doc. 23) be, and the same hereby are overruled; and

2. The Report and Recommendation (Doc. 22) be, and the same hereby is adopted as the order of this court.

So ordered.

/s/ James G. Carr
Sr. United States District Judge